## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC.<br>1331 L Street NW<br>Washington, DC 20005<br><br>      Plaintiff,<br><br>v.<br><br>ANDREW GEE<br>4926 Alessandro Avenue<br>Temple City, CA 91780<br><br>      Defendant. | Civil Action No. 1:14-cv-546<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff CoStar Realty Information, Inc. ("Costar" or "Plaintiff") brings this action against Defendant Andrew Gee ("Gee" or "Defendant"), alleging, on knowledge as to its own acts and upon information and belief as to the acts of others, as follows:

## NATURE OF ACTION

1. This is a case of willful copyright infringement and breach of contract. CoStar is the leading provider of information, marketing, and analytic services to commercial real estate professionals in the United States and United Kingdom (the "CoStar Service"). Defendant is a former employee of a CoStar licensee ("CoStar Customer"). Defendant has engaged in blatant and widespread misuse of the CoStar Service and portions of the copyrighted content contained therein as he attempts to launch his competing commercial real estate information services, PropertyDeets.com and MyCRESearch.com.

2.      The CoStar Service is an innovative, sought-after resource that is the result of the company's extraordinary investments, effort, and creativity over the last twenty-five years, along with its ongoing commitment to maintain and improve its offerings.  The CoStar Service is used by tens of thousands of brokers, owners, developers, lenders, investment bankers, REITs, retailers, appraisers, governmental agencies, and others.  CoStar provides its service by employing over one thousand professional researchers who proactively collect and analyze commercial real estate information.  CoStar's researchers drive millions of miles, conduct hundreds of thousands of on-site building inspections and conduct millions of telephone interviews of brokers, owners and tenants.  CoStar's field researchers physically inspect and photograph commercial real estate properties in virtually every metropolitan area in the United States, London and other parts of the United Kingdom.

3.      Defendant is keenly aware that the CoStar Service is a proprietary, subscription-based service and that use is restricted to licensees that enter into written agreements with CoStar.  Defendant knows that he does not have his own subscription to the CoStar Service and that once he left his employment with the CoStar Customer he was no longer permitted to access or use the CoStar Service.  Defendant knows that the CoStar Service may not be used for the development of another real estate information service, much less a directly competitive commercial real estate information database.  Nevertheless, Defendant has repeatedly accessed and used the CoStar Service licensed to Customer, including to assist in developing a competitive service.  Defendant's wrongful acts complained of herein have caused substantial injury to CoStar and have also penalized its loyal customers, who have obtained lawful access and who rely upon the CoStar Service as a competitive advantage.  Accordingly, CoStar brings this action based on the infringement of CoStar's copyrights in and to its valuable building

photographs and breach of the online Terms of Use agreement, at www.costar.com, that governs access and use of the CoStar Service.

## PARTIES

4.     CoStar Realty Information, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate headquarters located at 1331 L Street N.W., Washington, D.C. 20005.

5.     Defendant Andrew Gee is an individual residing at 4926 Alessandro Avenue, Temple City, CA 91780.

## JURISDICTION AND VENUE

6.     This Court has federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331 as an action that arises under the laws of the United States.  The Court further has exclusive federal jurisdiction pursuant to 28 U.S.C. § 1338(a) as a case arising under the Copyright Act.

7.     This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.  The amount in controversy exceeds $75,000, exclusive of interest and costs, and is a dispute between citizens of different states.

8.     This Court has supplemental jurisdiction over CoStar's claims arising under state law pursuant to 28 U.S.C. § 1367(a) because these claims are so related to CoStar's claim under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

9.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391, 1400 because a substantial part of the events giving rise to the claims occurred in this District, and a substantial part of the property that is the subject of the action is situated in this District.

10. Personal jurisdiction over Defendant is proper in this District because: (a) by agreeing to the Terms of Use for the www.costar.com website, Defendant has consented to the jurisdiction of this Court; and (b) Defendant has committed acts alleged herein with foreseeable consequences in this District and caused CoStar to sustain injury in this District.

## BACKGROUND

11. Founded in 1987, CoStar has revolutionized the commercial real estate industry with a simple idea: empower brokers and other commercial real estate professionals with researched and unbiased commercial property information.

12. Since that time, CoStar has invested tens of millions of dollars each year to maintain the industry's largest research organization, along with state of the art software technology and research methods. As of January 31, 2014, CoStar's research team had approximately 1,123 trained professionals (research analysts and field researchers) who each year make millions of data changes, make more than 10,000 calls a day, canvass more than half a million properties nationwide, and take more than one million photographs. These researchers are constantly improving the CoStar Service through millions of phone, email and Internet updates, field inspections, public records review, news monitoring and direct mail.

13. The end result is the CoStar Service, which supports better decision-making, facilitates transactions, and brings greater transparency, reliability, insight, and efficiency to the commercial real estate marketplace. The CoStar Service, among other things, offers licensed users an integrated suite of online service offerings that enables its licensees to find for themselves or their customers available space, match buyers to properties for sale, find tenants, research brokers, locate market-related information, and value commercial real estate sales transactions. CoStar's licensees can search CoStar's database by selecting from the more than

150 fields of information and analysis included in the file for each property to find those properties that suit their needs. CoStar's licensees can search through CoStar's database in thousands of different ways to analyze various real estate markets, and thus access to CoStar's database greatly reduces the need for CoStar's licensees to spend time and money on conducting research to locate much of the very same information already collected, organized, developed and analyzed by CoStar.

14. The CoStar Service and the content therein are not part of a repository of information available for free. Rather, in exchange for a subscription fee, CoStar provides its services to businesses that enter into a written license agreement with CoStar. The written license agreement limits the subscriber's access and use of the CoStar Service to specific numbers of licensed users, licensed sites, and permitted and prohibited uses. The licensee is prohibited from providing others with access to or use of the CoStar Service or any codes that enable access. Access and use is limited to employees of the licensee, or independent contractors working out of the licensed site and exclusively for the licensee. Upon termination of employment, such authorized user is no longer permitted to access or use the CoStar Service or any codes that enable access.

15. Once a party executes a license agreement with CoStar, each of its authorized users is provided with a user identification and password and is given authorized use for Internet-based access to CoStar's subscription information services, at CoStar's website, www.costar.com, in accordance with the terms of the party's license agreement. An authorized user must input a valid user identification and password at the login area to gain authorized access to CoStar's restricted access information services for which they are licensed.

16. The login area at www.costar.com contains a prominent notice advising the user that "Login/Use Subject to Terms." The word "Terms" is hyperlinked to CoStar's actual Terms of Use for its website, www.costar.com, and the services accessed therein. By clicking on the underlined word "Terms," the user can view the terms of use, which provide:

> By accessing or using this Site (or any part thereof), you agree to be legally bound by the terms and conditions that follow (the "Terms of Use") as we may modify them from time to time. These Terms of Use apply to your use of this Site, including the CoStar services offered via the Site. **They constitute a legal contract between you and CoStar, and by accessing or using any part of the Site you represent and warrant that you have the right, power and authority to agree to and be bound by these Terms of Use.** If you do not agree to the Terms of Use, or if you do not have the right, power, and authority to agree to and be bound by these Terms of Use, you may not use the Site. (emphasis added).

17. The authorized user must scroll through and accept the applicable online Terms of Use the first time they use the product as well as at periodic intervals thereafter.

18. In addition, the Terms of Use specifically explain that those portions of the website that require use of passcodes for access are restricted to employees and exclusive contractors of CoStar licensees. These individuals, also known as "Authorized Users," must be individuals that work solely for the CoStar licensee and not another company with real estate information needs. The Terms of Use further explain that the Authorized Users must be designated in the license agreement and work at a site identified in the license agreement.

19. Under the header "Prohibited Uses," the Terms of Use provide that "you shall not ... [a]ccess any portion of the [databases] unless you are an Authorized User for such [databases] using the Passcodes assigned to you by CoStar to access the components and services of the [databases] that your subscription authorizes you to access, subject to the terms contained therein and in these Terms of Use."

20.     The Terms of Use provide that "if you are a direct or indirect competitor of CoStar" – *e.g.*, "Internet listing services or other real estate information services and employees, independent contractors and agents of such services" then you shall not access or use the CoStar Service.

21.     The Terms of Use provide that the CoStar Service may not be used to develop any database or product.

22.     The Terms of Use state that "[u]pon your breach of any term of these Terms of Use or the License Agreement, CoStar's remedies shall include any monetary benefits that accrued to you as a result of the breach, any damages incurred by CoStar related to your breach and any other damages and relief available at law or in equity." The terms of use further provide that "CoStar shall be entitled to recover all costs, including attorney's fees."

23.     Finally, at all relevant times, the Terms of Use provided that the user irrevocably consents to the jurisdiction of the federal and state courts located in the District of Columbia for any action to enforce the Terms of Use.

**EVENTS GIVING RISE TO THE LAWSUIT**

24.     In June 2010, CoStar Customer entered into a written license agreement (the, "License Agreement") with CoStar for access to the CoStar Service, *i.e.*, CoStar Property® and CoStar Comps®, in exchange for payment of a monthly license fee. Prior to the acts complained of herein, Defendant was an Authorized User of the CoStar Service, pursuant to the terms of the License Agreement with CoStar Customer.

25.     On information and belief, Defendant's employment with CoStar Customer ceased sometime in April 2013. Under the License Agreement, once Defendant no longer

worked for CoStar Customer, he was precluded from accessing or using any portion of the CoStar Service.

26. Nevertheless, without a valid license or any other authorization from CoStar, Defendant repeatedly accessed and used the CoStar Service licensed to CoStar Customer in order to support his own research and commercial needs, including development of his own competing real estate information service at www.PropertyDeets.com and www.MyCRESearch.com. Through these websites, Defendant provides data, information and analysis concerning commercial real estate. This includes, without limitation, listings of commercial real estate for sale, comparables, and photographs of properties.

27. Defendant's unauthorized access and use involves close to seven hundred (700) unauthorized logins to the CoStar Service and over thirty-four thousand (34,000) unauthorized page hits within the CoStar Service. Moreover, Defendant made unauthorized reproductions and/or distributions of CoStar's photographs and other materials, including, without limitation, those copyrighted works identified in the non-exhaustive, illustrative list attached hereto as **Exhibit A**.

28. The unauthorized and illicit activity alleged herein, by its very nature, occurs behind closed doors. As a result, much of the evidence concerning its scope lies in the hands of Defendant and third parties. As mentioned above, Exhibit A is a non-exhaustive, illustrative list. Based on the evidence available to CoStar at this time, including the number of unauthorized logins and the duration of unauthorized use, it is likely that there are thousands of instances of infringement or other violations of CoStar's rights.

**COUNT ONE FOR RELIEF**
**(Direct Copyright Infringement)**

29. CoStar re-alleges and incorporates herein by reference the foregoing allegations.

30. CoStar owns valid copyrights in the commercial real estate photographs taken by CoStar photographers. CoStar is the sole and exclusive owner or exclusive licensee of all right, title, and interest in and to the copyrights in such photographs and has registered the vast majority of those photographs with the United States Copyright Office on a quarterly basis.

31. Through the conduct averred herein, in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106(1), (3) and 501, Defendant has infringed CoStar's copyrights in its commercial real estate photographs by reproducing and/or distributing such photographs without authorization, including, without limitation, those copyrighted CoStar photographs identified in the non-exhaustive, illustrative list attached hereto as **Exhibit A**.

32. Each infringement by Defendant in and to CoStar's copyrighted photographs constitutes a separate and distinct act of infringement in violation of CoStar's rights under the U.S. Copyright Act.

33. Defendant's acts of infringement were willful, intentional, and purposeful, in reckless disregard of and with indifference to the rights of CoStar and constitute willful copyright infringement.

34. CoStar is entitled to the maximum statutory damages, in the amount of up to $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, under 17 U.S.C. § 504(b), as a direct and proximate result of the infringements by Defendant, CoStar is entitled to its damages and to Defendant's profits in amounts to be proven at trial which are not currently ascertainable.

35. CoStar is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

36. As a direct and proximate result of the foregoing acts and conduct, Defendant's conduct is causing, and unless enjoined and restrained by this Court, will continue to cause CoStar to sustain substantial, immediate and irreparable injury that cannot be fully compensated by or measured in money damages. CoStar has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, CoStar is entitled to preliminary and permanent injunctive relief prohibiting further infringement of its copyrights and exclusive rights under copyright.

### COUNT TWO FOR RELIEF
(Breach of Contract)

37. CoStar re-alleges and incorporates herein by reference the foregoing allegations.

38. Through the conduct averred herein, Defendant entered into and agreed to be bound by the Terms of Use agreement.

39. CoStar's Terms of Use agreement is a valid and enforceable contract between CoStar, on the one hand, and Defendant, on the other hand.

40. Defendant breached the Terms of Use agreement by, *inter alia*, accessing and using the CoStar Service without authorization from CoStar. Defendant further breached the Terms of Use agreement by accessing and using the CoStar Service in connection with developing a competitive commercial real estate information service. As a direct or indirect competitor of CoStar, the Terms of Use precluded Defendant from accessing or using the CoStar Service.

41. CoStar has been injured by Defendant's breach as described above. Among other things, Defendant's breach of contract has unfairly disadvantaged CoStar through the improper use of the CoStar Service to support a competitive real estate information service. Defendant's breach of contract has caused CoStar to incur costs, including reasonable attorneys' fees, in order to obtain remedies to which it is entitled. Defendant's breach may also cause a loss

of subscription revenue to CoStar.  Defendant has also been unjustly enriched as a result of his unauthorized access.

42. As a result, CoStar has suffered and will continue to suffer losses and irreparable injury, in amounts not yet ascertained.  CoStar's remedy at law is not itself adequate to compensate it for injuries inflicted by Defendant.  Accordingly, CoStar is entitled to damages and preliminary and permanent injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, CoStar prays for judgment against Defendant as follows:

a) As to Count I, a judgment against Defendant that he has infringed CoStar's copyrights in its photographs;

b) As to Count II, a judgment against Defendant that he has breached the Terms of Use agreement with CoStar;

c) Grant a preliminary and permanent injunction restraining and enjoining Defendant and any of his agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with him, from (i) making any unauthorized access to or use or copying of any CoStar Service or any of the copyrighted photographs or other content contained therein, and (ii) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (ii) above; and ordering Defendant and any of his agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with him, to permanently delete and destroy all portions of any CoStar Service within their possession, and within ten (10) days provide CoStar with a signed affidavit certifying completion of such deletion/destruction;

d) As to Count I, for statutory damages pursuant to 17 U.S.C. § 504(c), in amounts to be proven at trial, arising from Defendant's infringement of CoStar's rights in its photographs under the Copyright Act or, in the alternative, at CoStar's election pursuant to 17 U.S.C. § 504(b), CoStar's actual damages, including Defendant's profits from infringement, in amounts to be proven at trial;

e) As to Count II, for compensatory damages in amounts to be proven at trial;

f) As to Count I, for CoStar's costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

g) As to Count II, for CoStar's costs, including reasonable attorneys' fees, pursuant to the CoStar Terms of Use agreement;

h) For prejudgment and post-judgment interest; and

i) For such other and further relief as is just.

**DEMAND FOR JURY TRIAL**

CoStar requests a trial by jury.

Dated: April 1, 2014

By: */s/ Kerry M. Mustico*
Matthew J. Oppenheim (D.C. Bar No. 443698)
Scott A. Zebrak (D.C. Bar No. 452649)
Kerry M. Mustico (D.C. Bar No. 982240)
OPPENHEIM + ZEBRAK, LLP
4400 Jenifer Street, NW, Suite 250
Washington, DC 20015
Tel: 202-621-9027
Fax: 866-766-1678
matt@oandzlaw.com
scott@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiff*
COSTAR REALTY INFORMATION, INC.